## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **Kevin Keith,** | : | |
| | : | |
| **Plaintiff** | : | **Case No. 1:18-cv-00047** |
| | : | |
| **v.** | : | **Judge Solomon Oliver, Jr.** |
| | : | |
| **G. Michele Yezzo, et al.,** | : | |
| | : | |
| **Defendants** | : | |

---

## MOTION TO DISMISS ON BEHALF OF DEFENDANT YEZZO

---

DefendantYezzo, moves this Court to dismiss all claims asserted against her in this case. Plaintiff's action fails to state a claim upon which relief may be granted and lacks jurisdiction and must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and (6).  This motion is more fully supported by the attached memorandum in support.

Respectfully submitted,

MIKE DEWINE
Ohio Attorney General

*s/ Thomas E. Madden*
Thomas E. Madden (0077069)
Assistant Attorneys General
Criminal Justice Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215
Tel: 614-466-2872 | Fax: 614-728-7592
thomas.madden@ohioattorneygeneral.gov

*Counsel for Defendant Yezzo*

## I.       INTRODUCTION

Plaintiff Kevin Keith is an inmate at the Marion Correctional Institution where he is serving a life sentence for a 1994 murder conviction.  Plaintiff has exhausted his appeals.  In particular, recently, the Third District Court of Appeals denied his request for leave to file a motion for a new trial and successive petition for post-conviction relief, both based upon *Brady v. Maryland*. *State v. Keith*, 2017-Ohio-5488 (3rd Dist. 2017).  Plaintiff now brings this action against BCI and Attorney General Mike DeWine, as well as former employees of BCI—Defendants Yezzo—based on his dissatisfaction with how BCI evaluated evidence that was introduced during Keith's trial.  Defendant Yezzo is a retired BCI forensic expert is sued in her individual and official capacities. (Comp. ¶ 6.)  Keith alleges that his right to "access of courts" was denied. (Complaint, First Cause of Action, ¶ 158-165.)  Keith also alleges a due process, fair trial, and confrontation clause violation under the Fifth and Sixth Amendments. (Id., Second Cause of Action, ¶ 176.)

## II.      STATEMENT OF FACTS

Plaintiff Kevin Keith is currently incarcerated at the Marion Correctional Institution for a 1994 murder conviction.  *See generally* Compl.  Defendant Michele Yezzo, a former forensic scientist employed at BCI, became involved in this case because an eyewitness told police that she saw the perpetrator drive away from the scene of the murders, and that the perpetrator's car had been temporarily stuck in a nearby snowbank.  *Id.* ¶ 18.  Police took photos of the impression the car's bumper left in the snowbank and of the tire marks in the snow, and observed a partial license plate impression of "043."  *Id.* ¶¶ 19-20.  After evaluating the evidence, Ms. Yezzo concluded that the tire tracks, as well as the spacing and orientation of the license plate impression, were similar to the car of Plaintiff's girlfriend.  *Id.* ¶¶ 38, 40.

Ms. Yezzo testified to her conclusions at a deposition, at which Plaintiff had the opportunity to question her findings.  *Id.* ¶ 41.  After a two-week trial, a jury found Plaintiff guilty of three counts of aggravated murder and three counts of attempted murder.  *Id.* ¶¶ 5, 94; *State v. Keith*, 684 N.E.2d 47 (Ohio 1997) (affirming conviction).  Plaintiff was sentenced to death, but in 2010, former-Governor Ted Strickland commuted Plaintiff's sentence to life in prison.  Compl. ¶ 114.

In September 2009, by which point Ms. Yezzo had retired from BCI, Plaintiff retained an independent forensic expert, William Bodziak, to evaluate Ms. Yezzo's evidence analysis.  *Id.* ¶¶ 101-02.  In 2010, pursuant to a public records request, Plaintiff obtained records from the Attorney General's Office, which he submitted to Bodziak for evaluation.  *Id.* ¶¶ 108, 110; Pl's Ex. 19.  Bodziak evaluated these records and prepared a report that questioned Ms. Yezzo's methods and conclusion.  Id. ¶ 110.  Plaintiff presented this report to the parole board during his August 2010 clemency hearing.  *Id.* ¶¶ 110-11; Pl's Ex. 19.  The parole board unanimously recommended that Plaintiff be denied clemency, but Governor Strickland ultimately commuted Plaintiff's death sentence to life in prison.  Id. ¶¶ 113-14. Plaintiff obtained Ms. Yezzo's personnel file in January 2016.  *Id.* ¶ 73.  The file contains some disciplinary history, grievances submitted by colleagues, and the file indicates that Ms. Yezzo served a 10-day suspension.  *Id.* ¶¶ 75-90.

Plaintiff has pursued numerous avenues of relief since his conviction in 1994.[1]  *Id.* ¶¶ 95-98, 137, 149.  He also has filed three petitions for a writ of habeas corpus.[2]  *Id.* ¶¶ 97-98,

---

[1] *State v. Keith*, 684 N.E.2d 47 (Ohio 1997) (direct appeal), *cert. denied*, 523 U.S. 1063 (1998); *State v. Keith*, No. 3-98-05, 1998 Ohio App. LEXIS 3836 (Ohio Ct. App.) (denying first post-conviction petition); *State v. Keith*, 891 N.E.2d 1191 (Ohio Ct. App. 2008) (denying second post-conviction petition), *appeal not allowed*, 917 N.E.2d 811 (Ohio 2009); *State v. Keith*, 892 N.E.2d 912 (Ohio 2008) (denying motion to re-open direct appeal); *State v. Keith*, No. 3-08-15, 2008

151.  His third petition, filed in August 2013, was based on Bodziak's report.  *Id.* ¶ 151.  Because

28 U.S.C. § 2244 bars second or successive habeas petitions without first obtaining leave to file

and because Plaintiff had filed several previous petitions, Attorney General DeWine moved for

Plaintiff to file for leave from the Sixth Circuit Court of Appeals.  *Id.* ¶¶ 152-54.  The Sixth

Circuit ultimately denied Plaintiff leave to file a successive petition.  *Id.* ¶¶ 152-54.  In October

2016, after receiving Ms. Yezzo's personnel file, Plaintiff submitted his third motion for leave to

file a motion for a new trial in state court, which motion was denied and ultimately affirmed.  *Id.*

¶¶ 137, 149.

## III.    LAW AND ANALYSIS

### 1.    Standard of Review

Defendant Yezzo brings this motion pursuant to Federal Rules of Civil Procedure

12(b)(1) and 12(b)(6).  Rule 12(b)(1) "provides for the dismissal of an action for lack of subject

matter jurisdiction."  *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014).  The plaintiff

bears the burden of demonstrating that jurisdiction exists.  *Id.* at 760.  "Under Rule 12(b)(6) 'a

complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that

the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"

*Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006), quoting *Conley v. Gibson*, 355 U.S. 41, 45-

46 (1957). The court must accept all facts in the complaint as true and construe the complaint

---

Ohio App. LEXIS 5176 (Ohio Ct. App.) (denying first motion for leave to file a delayed motion
for a new trial, first motion for a new trial, and motion for an evidentiary hearing); *State v. Keith*,
948 N.E.2d 976 (Ohio Ct. App.) (denying second motion for leave to file a delayed motion for a
new trial and second motion for a new trial), *cert. denied*, 569 U.S. 903 (2013); *State v. Keith*,
No. 3-17-01, 2017 Ohio App. LEXIS 2545 (Ohio Ct. App.) (denying third motion for leave to
file a delayed motion for a new trial), *appeal not allowed*, 87 N.E3d 223 (Ohio 2017).

[2] *Keith v. Mitchell*, 455 F.3d 662 (6th Cir. 2006) (denying first habeas petition), *cert. denied*, 549
U.S. 1308 (2007); *Keith v. Bobby*, 551 F.3d 555 (6th Cir. 2009) (denying second request for
habeas petition under 28 U.S.C. § 2244(b)); *Keith v. LaRose*, No. 1:13CV1718, 2014 U.S. Dist.
LEXIS 42125 (N.D. Ohio Mar. 20, 2014) (transferring third habeas petition to the U.S. Court of
Appeals for the Sixth Circuit for review under 28 U.S.C. § 2244(b)).

liberally in favor of the plaintiff. *Id*. "It is plain that, although liberal, the standard does require that a plaintiff plead more than bare legal conclusions." *Lillard v. Shelby Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996).  "In practice, a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.*, citing *Allard v. Weitzman (In re DeLorean Motor Co.)*, 991 F.2d 1236, 1240 (6th Cir. 1993) (internal quotation marks omitted) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).  To survive a motion to dismiss under Rule 12(b)(6), "a complaint must allege sufficient facts that, accepted as true, 'state a claim to relief that is plausible on its face.'"  *Strayhorn v. Wyeth Pharmaceuticals, Inc.*, 737 F.3d 378, 387 (6th Cir. 2013), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In evaluating a motion to dismiss under Rule 12(b)(6), the Court "must accept all of Plaintiffs' well-pleaded factual allegations as true and construe them in a light most favorable to Plaintiffs."  *Alshaibani v. Litton Loan Servicing, LP*, 528 F. App'x 462, 463-64 (6th Cir. 2013).

The Court, however, need not accept "legal conclusions or unwarranted factual inferences," and "a formulaic recitation of the elements of a cause of action will not do."  *Id.* (internal quotations omitted); *Doe v. Cummins*, 662 F. App'x 437, 454 (6th Cir. 2016) ("While it is true that, in considering a motion to dismiss, all well-pleaded factual allegations must be taken as true, a court need not indulge in unreasonable inference.").  A complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell*, 550 U.S. at 555.

**2.      Plaintiff's claims are barred by the statute of limitations.**

A claim is untimely "when it is apparent from the face of the complaint that the time limit for bringing the claim has passed."  *Hoover v. Langston Equip. Ass'n, Inc.*, 958 F.2d 742, 744 (6th Cir. 1992).   Based on Plaintiff's own allegations, the claim brought against Defendant Yezzo occurred decades ago, as far back as 1989, and is barred by the applicable statute of limitations.  For § 1983 actions, Ohio's personal injury tort law governs. *Kulnle Bros., Inc. v. County of Geauga*, 103 F.3d 516, 519 (6th Cir. 1997).  Ohio has a two-year statute-of-limitations for personal injury actions. R.C. § 2305.10.  Thus, a § 1983 action in Ohio must be brought within two years.  *Banks v. City of Whitehall*, 344 F.3d 550, 553 (6th Cir. 2003).  Keith's claims are far outside this applicable time limit.

**3.      The district court has no power to issue a declaratory judgment against Defendant Yezzo.**

A pair of jurisdictional doctrines bars relief against Defendant Yezzo in her official capacity.  Both the case-or-controversy limit in Article III and the sovereign immunity of the States make injunctive relief against Defendant Yezzo unattainable.  In other words, because Defendant Yezzo no longer works at BCI, this Court has no power or authority to order her to have "forensic evidence… reevaluated by a fair and impartial forensic analyst" or "waive all procedural arguments precluding consideration of the claims on the merits." (Complaint, Prayer for relief, A & B; PageId# 31.)  In other words, because Yezzo is no longer employed at BCI, she has no official capacity to be sued under. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).

Article III prohibits a federal court from adjudicating a dispute unless it presents a case or controversy.  No "'principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies.'"  *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citation omitted).  One

6

aspect of the case-or-controversy limit is the requirement that a plaintiff have standing.  *Id*.  And one element of standing is that a plaintiff show that the alleged harm "is likely to be redressed by a favorable judicial decision."  *Id*.  "Relief that does not remedy the injury suffered cannot bootstrap a plaintiff into federal court; that is the very essence of the redressability requirement." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 107 (1998); *see Linda R. S.* v. *Richard D.,* 410 U.S. 614 (1973); *Simon* v. *Eastern Ky. Welfare Rights Org.*, 426 U.S. 26 (1976).  Because Defendant Yezzo no longer works at BCI, and is no longer in a position over evidence that Keith seeks to be retested, an injunction from this Court against her will have no meaningful effect.  This case lacks redressability.

The States' sovereign immunity is another limit on federal judicial power.  The Constitution's "structure" and "history," and "authoritative interpretations" of the Supreme Court "make clear" that the States' immunity from suit is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today." *Alden v. Maine*, 527 U.S. 706, 713 (1999).  In general, the Eleventh Amendment bars a suit in federal court against state officials when "the state is the real, substantial party in interest." *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101 (1984).  Even so, the Court has "long held that federal courts may in some circumstances grant injunctive relief against state officers who are violating, or planning to violate, federal law."  *Armstrong v. Exceptional Child Ctr., Inc.*, 135 S. Ct. 1378, 1384 (2015).  Those circumstances include when a state officer "threaten[s] and [is] about to commence proceedings, either of a civil or criminal nature, to enforce against parties affected an unconstitutional act, violating the Federal Constitution."  *Ex parte Young*, 209 U.S. 123, 156 (1908).

*Ex parte Young* serves as a limited exception to Eleventh Amendment Immunity to the extent the Plaintiff alleges "an ongoing violation of federal law and seek relief properly characterized as prospective." *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997). In *Ex parte Young*, 209 U.S. 123 (1908), the Supreme Court carved out an exception to the immunity of state officials. Under *Ex Parte Young*, "a federal court consistent with the Eleventh Amendment, may enjoin state officials to conform their future conduct to the requirements of federal law." *Coeur d' Alene Tribe*, *supra*, at 296. The Supreme Court called *Ex parte Young* "a fiction" that does "nothing more than refrain" a state official "from violating federal law." *Virginia Office of Prot. & Adv. v. Stewart*, 563 U.S. 247, 254 (2011). However, Keith can only maintain an action for injunctive relief against Yezzo if he can show an *ongoing* violation of federal law. *Coeur d'Alene Tribe*, *supra*, 297. Without an allegation of an *ongoing* violation of federal law, injunctive relief is simply unavailable. *Green v. Monsour*, 474 U.S. 64, 73 (1985) ("There cases demonstrate the impropriety of declaratory judgment… [because] there is no continuing violation of federal law, and therefore no occasion to issue an injunction.") The *Ex parte Young* is exception is exclusively "focused on cases in which a violation of federal law by a state official is ongoing as opposed to cases in which federal law has been violated at one time in the past." *Papasan v. Allain*, 478 U.S. 265, 277-78 (1986). Keith's complaint does not allege on ongoing violation of federal law against Defendant Yezzo, but instead focuses on historical events wherein Keith claims Yezzo allegedly violated his federal constitutional rights during his original trial and his appeals.

**4.      Plaintiff fails to state a plausible claim under § 1983 against Yezzo.**

**a.  Heck v. Humphry bars this lawsuit**.

8

Although Plaintiff frames his claims as alleged violations of 42 U.S.C. § 1983, his alleged injury is his conviction and continued incarceration.  He specifically admits that his injury is that he was convicted and sentenced, Compl. ¶ 155, and that he "remains convicted and sentenced," *Id.* ¶ 156.  He also alleges that he has been deprived of evidence and has not been successful in raising his *Brady* claim.  *Id.* ¶¶ 1, 140, 148-49.  For this alleged injury, Plaintiff seeks both injunctive and monetary relief.  *Id.* at 31.  The problem for Plaintiff, however, is that such claims may not be brought in a § 1983 challenge—instead, these claims may only be brought in a habeas action.  "[A] judgment in a civil [§1983] action lacks the authority to set aside a criminal conviction or its accompanying sentence." *In re Campbell*, 874 F.3d 454, 461 (6th Cir. 2017), citing, *Heck v. Humphrey*, 512 U.S. 477, 486 (1994).  Thus, Plaintiff cannot state a claim for relief under § 1983.

The United States Supreme Court has been abundantly clear that "civil [1983] actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486.  Heck prohibits an incarcerated inmate (like Keith) from collaterally attacking his conviction and sentence in § 1983.  The Court further held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, [or] declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  *Id*., 486-87.  Thus, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction and sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at

487.  A plaintiff cannot recover in a § 1983 action for the "injury of being convicted and imprisoned" unless the conviction has been overturned.  *Id.* at 487 n.7.  Additionally, this bar equally applies to claims for injunctive relief. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's 1983 action is barred… no matter the relief sought… if success would necessarily demonstrate the invalidity of the confinement or its duration."); *Portis v. Mich. Dep't of Corr.*, 82 Fed. Appx. 457, 459 (6th Cir. 2003) ("A claim challenging confinement must be dismissed regardless of whether the plaintiff seeks monetary or injunctive relief.")  Several courts have recognized that *Heck* bars similar access-to-courts claims brought here. *Coulston v. Houtzdale*, 541 F. Ap'x 139, 142 (3rd Cir. 2016); *Moore v. Wheeler*, 520 F. Ap'x 927, 928 (11th Cir. 2013); *Burd v. Sessler*, 702 F.3d 429, 434-35 (7th Cir. 2012); *Hatcher v. Simcox*, 2017 U.S. Dist. LEXIS 185659, *5 (E.D. Tenn. 2017).  Plaintiff's only identified injury is his conviction and continued incarceration. *See generally* Compl.  Such an injury is not cognizable as a § 1983 challenge.

Plaintiff attempts to raise challenges for alleged violations of *Brady*, the confrontation clause, and the right to a fair trial.  *Id.* ¶¶ 1, 148, 167.  All of these, however, implicate the validity of his conviction and sentence, and can only be raised in a habeas action.  *Skinner v. Switzer*, 562 U.S. 521, 537 (2011) ("*Brady* claims have ranked within the traditional core of habeas corpus and outside the province of § 1983."); *Evans v. McBride*, 94 F.3d 1062, 1063-64 (7th Cir. 1996) (holding that *Heck* barred plaintiff's claims under the confrontation clause of the Sixth Amendment); *Jerdine v. FBI*, 2013 U.S. Dist. LEXIS 131951, *21 (N.D. Ohio 2013) (holding that plaintiff's claims that he was denied a fair trial were barred by *Heck*).  Because Keith's conviction and sentence have never been set aside, his claims are barred by *Heck*.

**b.  Keith fails to state a plausible "access to courts" claim**.

In general terms, Keith alleges that his right to "access of courts" was denied by Defendant Yezzo. (Comp. para. 158.)  Regarding remaining paragraphs 159 thru 165, it is not clear that this cause of action is being brought against Defendant Yezzo.  Regardless, Keith's "access to courts" claim is unavailing.  In *Lewis v. Casey*, the Supreme Court explicitly rejected the argument that "the State must" take affirmative actions to "enable the prisoner to discover grievances, and to litigate effectively once in court." 518 U.S. 343, 354 (1996).  Due process is completely satisfied if the prisoner has 'the capability of bringing contemplated challenges to… before the courts." *Id*. at 356.  In fact, there is "no constitutional right… to litigate effectively once in court." *Fears v. Kasich*, 845 F.3d 231, 238 (6th Cir. 2016) citing *Phillips v. Dewine*, 841 F.3d 405, 420 (6th Cir. 2016).  Statute of limitations and due diligence requirements are well-recognized procedural defenses, which are uniformly applied, and do not deny Keith "access to courts." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) ("our cases rest on the recognition that the right is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court."). Therefore, access to courts "is not violated by statute that provides a complete defense to a cause of action or curtails a category of causes of action." *City of New York v. Beretta U.S.A. Corp.*, 524 F.3d 384, 398 (2nd Cir. 2008).  In other words, "while there is a constitutional right to court access, there is no complementary constitutional right to receive or be eligible for a particular form of relief." *Inmates of Suffolk Cty. Jail v. Rouse*, 129 F.3d 649, 660 (1st Cir. 1997).

Neither the alleged actions nor inactions by Yezzo caused the state courts to deny his *Brady* claims. See, *State v. Keith*, 2017-Ohio-5488 (3rd Dist. 2017).  In *Keith*, the appellate court began by finding that Keith failed to prove "that he was unavoidably prevented from obtaining Yezzo's personnel file via a public records request." *Id*. at ¶ 32, 33.  However, the appellate court

11

went on to *deny* Keith's *Brady* claim *on the merits*. Id. at ¶ 34-42. The Court denied Keith's allegation that Yezzo was a critical witness. *Id*. at ¶ 38. The Court found that Yezzo's testimony regarding the license plate was "elicited elsewhere" through other witnesses. *Id*. The Court further concluded that Yezzo's testimony regarding the "the tires at the scene" had limited probative value, and her testimony regarding the footprints at the scene actually favored the defense. *Id*. In denying materiality, the court opined that the testimony of witnesses "Warren and Smathers," and other evidence, made the case against Keith "simply overwhelming." *Id*. at ¶ 41. In conclusion, the state appellate court held "there is no reasonable possibility that the information contained in Yezzo's file would have made any difference in the outcome of the case." *Id*. Because the state courts denied Keith's *Brady* claim on the merits, Keith cannot plead a plausible claim that the actions or inactions of Yezzo denied him access to state courts.

### c. Keith's second cause of action is not plausible.

In paragraphs ¶¶ 167 thru 172, wherein Keith recites his allegations attempting to explain how the other Defendants violated his rights under the Fifth and Sixth Amendment, Keith fails to explain how Defendant Yezzo violated those specific rights. Keith talks about how Cappy and Lenhart allegedly failed to supervise Yezzo (Comp. ¶168-169), how BCI allegedly failed to turn over documents during post-conviciton (¶170), how Dewine and BCI allegedly treat Yezzo's testimony today (¶171), and how Defendants allegedly refused to do additional testing. (¶172.) None of these factual allegations state a cause of action against Defendant Yezzo.

### 5. Yezzo is entitled to Qualified Immunity.

Defendant Yezzo enjoys qualified immunity. "The doctrine of qualified immunity shields officials from civil liability so long as their conduct 'does not violate clearly established statutory and constitutional rights which a reasonable person would have known." *Mullenix v.*

*Luna*, 136 S.Ct. 305, 308 (2015).  Keith shoulders the burden of showing that Yezzo is not

entitled to qualified immunity. *Johnson v. Moseley*, 790 F.3d 649, 653 (6th Cir. 2015).  A right is

clearly established when "every reasonable official would [have understood] that what he is

doing violates that right." *Reichie v. Howards*, 132 S.Ct. 2088, 2093 (2012).  Thus, for a right to

be "clearly established… [the] existing precedent must have placed the statutory or constitutional

right question beyond debate." *Ashcroft v. al-Kid*, 563 U.S. 731, 741 (2011).  In other words,

"[q]ualified immunity gives government officials breathing room to make reasonable but

mistaken judgments about open legal questions." *Id*. at 743.  To overcome a qualified immunity

defense, "there must be adequate authority at a sufficiently high level of specificity to put a

reasonable official on notice that his conduct is definitely unlawful." *Vincent v. City of Sulphur,*

805 F.3d 543, 547 (5th Cir. 2015). The Supreme Court has repeatedly instructed lower courts

"not to define clearly established law at a high level of generality." *Mullenix*, 136 S.Ct. at 308.

According to the Supreme Court, "[t]his inquiry must be undertaken in light of the specific

context of the case, not a broad general proposition." Id. "Otherwise, plaintiffs would be able to

convert the rule of qualified immunity into a rule of virtually unqualified liability simply by

alleging violation of extremely abstract rights." *White v. Pauly*, 137 S.Ct. 548, 552 (2017).

"Absent controlling authority, we require 'robust consensus of cases of persuasive authority' to

constitute clearly established law." *Rush v. Lansing*, 644 Fed. App'x 415, 425 (6th Cir. 2016).

"Unless the plaintiff's allegations state a claim of violation of clearly established law, a

defendant pleading qualified immunity is entitled to dismissal before the commencement of

discovery." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

There is no clearly established right—under access-to-courts, the confrontation clause,

due process, and fair trial—that an expert witness turn over his or her work / personnel record

before, during, and after every trial where he or she testifies in. The Sixth Circuit case of *Moldowan v. City of Warren*, 578 F.3d 351, 397 (6th Cir. 2009) does not advance Plaintiff's claims. In *Moldowan*, the complaint made factual allegations that the expert fabricated his findings. There is no such allegations in this case. Rather, the allegations are simply that Defendant Yezzo withheld her work / personel record. In other words, there are no plausible factual allegations in the complaint that Defendant Yezzo fabricated evidence in this case.

**6.      Yezzo is entitled to Absolute Immunity.**

Defendant Yezzo is entitled to immunity from suit for her role as an expert witness during Keith's trial. *Spurlock v. Satterfield*, 167 F.3d 995, 1001 (6th Cir. 1999). "It is well-settled that witnesses are granted absolute immunity from suit for all testimony provided in judicial proceedings." *Spurlock*, 167 F.3d at 1001. The doctrine applies "no matter how egregious or perjurious that testimony was alleged to have been." *Id*. This sort of immunity extends to affidavits and expert reports. *Rodriguez v. City of Cleveland*, 439 Fed Ap'x 433, 454 (6th Cir. 2011). This court must "look[] to the 'nature of the function performed' in evaluating wehther to extend absolute immunity" to an expert witness. *Gregory v. City of Louisville*, 444 F.3d 725, 738 (6th Cir. 2006). In his complaint, Keith generally pointing to Yezzo's work / personnel file while simultaneously questioning, without much detail, the veracity of her testimony. (Comp. para. 36-41, 72-93, 104-105.) Because Keith's complaint is attempt to attack his conviction / sentence, by calling into question Yezzo's testimony at his trial, she is entitled to absolute immunity.

## IV.    CONCLUSION

For the above reasons, Defendant Yezzo respectfully move this Court to dismiss all claims against it in this case.


Respectfully submitted,

MIKE DEWINE
Ohio Attorney General

*s/ Thomas E. Madden*_____
Thomas E. Madden (0077069)
Assistant Attorneys General
Criminal Justice Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215
Tel: 614-466-2872 | Fax: 614-728-7592
thomas.madden@ohioattorneygeneral.gov

*Counsel for Defendant Yezzo*

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2018, the foregoing was filed electronically.  Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.  I further certify that a copy of the foregoing has been served first class mail via the U.S. Postal Service upon all parties for whom counsel has not yet entered an appearance and upon all counsel who have not entered their appearance via the electronic system

*s/ Thomas E. Madden*
T.E. Madden