# JONES DAY

NORTH POINT • 901 LAKESIDE AVENUE • CLEVELAND, OHIO 44114.1190

TELEPHONE: +1.216.586.3939 • FACSIMILE: +1.216.579.0212

Direct Number: (216) 586.7345
jrwooley@jonesday.com

September 6, 2018

Judge Solomon Oliver, Jr.
Carl B. Stokes United States Court House
801 West Superior Avenue, Courtroom 17A
Cleveland, Ohio 44113-1838

      Re: Supplemental Authority Re. *Kevin Keith v. G. Michele Yezzo et al.*, No. 1:18-cv-00047

Dear Judge Oliver:

    We write on behalf of Plaintiff Kevin Keith to notify the Court of supplemental authority relevant to Mr. Keith's opposition to Defendants' pending motions to dismiss in the above-referenced matter. In the Sixth Circuit's recent opinion in *Bunkley v. City of Detroit*, No. 17-2223 (6th Cir. July 26, 2018) ("Opinion"), the panel upheld the district court's denial of qualified immunity to a police investigator who "knowingly withheld" exculpatory evidence and to other police officers who "failed to intervene" to prevent the unlawful arrest. The court explained:

> Law enforcement officials have a duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers. An officer who fails to intervene: is liable for the preventable harm caused by the actions of the other officers where that officer observes or has reason to know … that any constitutional violation has been committed by a law enforcement official. To be liable, an officer must have had a realistic opportunity to intervene to prevent the harm from occurring. Generally the issue of whether an officer had sufficient time to intervene or was capable of preventing the harm is a question of fact for the jury unless, based on all the evidence, a reasonable jury could not possibly conclude otherwise.

Opinion at 16 (quoting *Kaylor v. Rankin*, 356 F. Supp. 2d 839, 850 (N.D. Ohio 2005)). Here, too, Defendants knew about Yezzo's propensity to "stretch the truth" and fabricate forensic conclusions and yet did nothing (before, during, or after trial) to prevent or rectify the constitutional wrong suffered by Mr. Keith. At the very least, there is "a question of fact for the jury" regarding whether "a reasonable official" in Defendants' positions would recognize that their actions (or inaction) violated Mr. Keith's constitutional rights. Opinion at 16.

ALKHOBAR • AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DETROIT • DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • JEDDAH • LONDON • LOS ANGELES • MADRID
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • RIYADH
SAN DIEGO • SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

Judge Solomon Oliver, Jr.
September 6, 2018
Page 2

A copy of the *Bunkley* decision is attached to this letter as Exhibit A.  We thank the Court for its time and attention to this matter.

                                                Respectfully submitted,

                                                /s/ James R. Wooley
                                                James R. Wooley

                                                *Attorney for Plaintiff Kevin Keith*

Enclosures
cc: All Counsel via ECF